**Charles F. Dawson, Appellant, v. James Sheahan, Appellee.**

## Gen. No. 26,580.

1. AUTOMOBILES AND GARAGES—*when finding for defendant in action for damage to garage by fire not warranted.* A finding for defendant, in an action by the owner of the building in which defendant rented space for his automobile, to recover for damage to the building resulting from fire originating while defendant was cleaning the spark plugs in his car, was reversed, where the undisputed testimony was to the effect that the fire was caused by the defendant's flooding of the carburetor, connecting the electric current with the spark plugs, and immediately thereafter attempting to start the motor, and by the car's "back firing."

2. AUTOMOBILES AND GARAGES—*applicability of rule of res ipsa loquitur in action for damages to garage by fire. Quære,* whether the rule of *res ipsa loquitur* was applicable in an action by the owner of a garage against a renter of space therein for damage to the garage by fire, where the uncontradicted evidence showed that on the occasion in question defendant had sole charge of his automobile and that the fire was caused by the defendant's flooding of the carburetor, connecting the electric current with the spark plugs and immediately thereafter attempting to start the motor, and by the car's "back firing."

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 7, 1922.

BRADLEY, KEARNS & FARRELL, for appellant; HUGH J. KEARNS, of counsel.

OSCAR A. KNITTEL, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Plaintiff alleged in a statement of claim filed in the municipal court of Chicago that on November 14, 1919, he was the owner of a building in the rear of 3010 Jackson boulevard, Chicago; that on November 14, 1919, defendant so carelessly ran and operated an automobile in said building as to set fire to the car, which fire was communicated to the building, causing the damage complained of.

In his affidavit of merits defendant denied all the material allegations of the statement of claim. The case was tried by the court without a jury and the court found the defendant not guilty. Judgment was entered in his favor and the plaintiff brings the case here by appeal. No appearance is filed in this court on behalf of defendant.

Evidence introduced on the trial shows that defendant rented space in which to keep his automobile in plaintiff's garage. On the day in question, while cleaning spark plugs in his car, defendant went around to the dashboard of the car and flooded the carburetor with gasoline. He then turned on the switch connecting the electric power with the spark plugs and immediately thereafter attempted to crank the car, when the car "back fired," jerking the crank out of his hand. Defendant testified that a few seconds later he lifted up the hood of the car and discovered that it was on fire; that the fire extended from the car to the roof and sides of the garage.

The trial judge evidently was under the impression that the evidence introduced for plaintiff failed to make out a prima facie case of negligence against the defendant under the rule of *res ipsa loquitur*. There is no dispute in the evidence that the defendant had sole charge of the automobile and his testimony shows

that the fire which damaged plaintiff's premises was caused by the flooding of the carburetor by defendant connecting the electric current with the spark plugs and immediately thereafter attempting to start the motor. These facts are undisputed and from them we do not think the court was authorized to enter a judgment in favor of defendant.

We are not, in the absence of a brief on behalf of defendant, prepared to say that the rule of *res ipsa loquitur* is applicable to the facts of the case. The defendant was called as a witness on behalf of plaintiff and he testified that he flooded the carburetor, turned on the electric current and attempted to start the motor; that due to "back firing" the car caught fire under the hood. But aside from this question we think the court was not authorized on the uncontradicted evidence in the case to find that defendant was not guilty of the negligence charged in the statement of claim.

The judgment of the municipal court will therefore be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*

McSURELY and MATCHETT, JJ., concur.